UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY MICHAEL WHITE JENKINS,**

   **Plaintiff,**

 v.

**SOCIAL SECURITY ADMINISTRATION,** *et al.*,

   **Defendants.**

:

:

:

Case No. 2:24-cv-4244
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Terry Michael White Jenkins, an Ohio resident proceeding *pro se*, filed this action against the Social Security Administration ("SSA"), the Columbus Division of Police ("CPD"), the Secret Service, the United States Postal Service ("USPS"), the Franklin County Sheriff's Office, the Department of Justice ("DOJ"), and "T.V.B.H. and C.O.B.H.—State of Ohio."[1] (ECF No. 1-1.) This matter is before the Court on Mr. Jenkins's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).

The Court **GRANTS** Mr. Jenkins's request to proceed *in forma pauperis*. However, having performed an initial screen, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. The Court **DENIES as moot** Mr. Jenkins's Motion for Summary Judgment (ECF

---

[1] The Court understands that "T.V.B.H." refers to Twin Valley Behavioral Healthcare and that "C.O.B.H." refers to Columbus Behavioral Health.

No. 2) and Motion for Funds, to Add Information, and for Injunction (ECF No. 4), and the Court further **DENIES** his Motion to Recuse (ECF No. 3).

## I. STANDARD OF REVIEW

Because the Court granted Mr. Jenkins leave to proceed *in forma pauperis*, it must screen his Complaint and dismiss it, or any portion of it, that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court construes Mr. Jenkins's Complaint in his favor, accepting all well-pleaded factual allegations as true, and evaluates whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

"*[P]ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The role of the Court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotations and citations omitted). Rather, a complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action[.]" *Kafele*, 161 F. App'x at 491. In sum, although *pro se* complaints are to be

2

construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. ANALYSIS

Mr. Jenkins's Complaint is not a model of clarity. Against no particular Defendant, he alleges discrimination on the basis of race and sex. (ECF No. 1-1, PAGEID # 6.) He specifically asserts that Franklin County Sheriff Dallas Baldwin starved and tortured him and stole his dentures. (*Id.*, PAGEID # 9.) He also claims that CPD falsely arrested him. (*Id.*) He alleges that the SSA "refused [his] written request for [a] food stamps application" and "refused to issue [him] money for disability on a Direct Express Card[.]" (*Id.*, PAGEID # 11, 28.) Finally, Mr. Jenkins contends that (1) the USPS refused to deliver his letters; (2) the DOJ failed to provide him with a "an attractive white girl attorney"; (3) the Secret Service did not allow him to have sex; and (4) Twin Valley Behavior Healthcare and Columbus Behavioral Health forced him to "pretend to talk" and fed him the wrong foods. (*Id.*, PAGEID # 9–16.) Along with asking for "unspecified damages," Mr. Jenkins's Complaint contains numerous disturbing and vulgar threats and demands for relief. (ECF No. 1-1.)

Mr. Jenkins fails to state a claim upon which relief can be granted. At the outset, it is wholly uncertain who he alleges discriminated against him because of his race or sex. He says he was called various names but does not specify who called him those names. (*See, e.g.*, ECF No. 1-1, PAGEID # 6.) Mr. Jenkins also fails to allege any legal basis for these discrimination claims (such as the Equal Protection

3

Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, or a state law). As such, the Court cannot assess whether he alleges these claims with the requisite factual specificity. *See Kafele*, 161 F. App'x at 491. To read more into Mr. Jenkins's allegations of discrimination would be to conjure allegations on his behalf. The Court declines to do so.

Next, the Court construes Mr. Jenkins's allegations against CPD as asserting an arrest without probable cause in violation of the Fourth Amendment under 42 U.S.C. § 1983. *See Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003). But he again fails to support this claim with any factual specificity—his Complaint never mentions an arrest. Regardless, CPD is not an entity subject to suit under § 1983. *See Gordon v. Clinton Police Dep't*, No. 3:19-CV-496, 2021 WL 1431544, at *2 (E.D. Tenn. Apr. 15, 2021) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And to the extent Mr. Jenkins's Complaint could be construed as alleging a claim against the City of Columbus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable under § 1983 only "when execution of a government's policy or custom … inflicts the injury." *Id.* Mr. Jenkins alleges no such policy or custom here.[2]

---

[2] Mr. Jenkins may also be attempting to bring this claim against "Mayor Ginther." (*See* ECF No. 1-1, PAGEID # 9; ECF No. 1-3, PAGEID # 41.) But he does not tie Mayor Ginther to this claim at all. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish Section 1983 liability.").

Mr. Jenkins's allegations that Sheriff Baldwin starved and tortured him and stole his dentures likewise fail to state a claim upon which relief can be granted. The Court construes the first two allegations as claims of excessive force and deliberate indifference in violation of the Fourteenth Amendment under § 1983. *See Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021); *Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-05086, 2022 WL 16734656, at *4 (S.D. Ohio Nov. 7, 2022) (Marbley, J.). Mr. Jenkins fails to articulate facts that could allow the Court to infer that Sheriff Baldwin was responsible for any of these alleged wrongs. Although Mr. Jenkins describes being held "hostage," "tortur[ed]," and "fed … the wrong foods," he attributes these actions to "law enforcement agencies" or "T.V.B.H. and C.O.B.H. and [the] Franklin County Jail … [and] Jackson Pike." (*See, e.g.*, ECF No. 1-1, PAGEID # 9, 13–14.) Because § 1983 liability requires a defendant's personal involvement in the deprivation of rights, this claim must also be dismissed. *See Murphy*, 406 F. App'x at 974.

Similarly, Mr. Jenkins's claim concerning the loss of his personal property "while at Jackson Pike" cannot proceed against Sheriff Baldwin. Mr. Jenkins fails to allege Sheriff Baldwin's personal involvement in the loss of his dentures or other property. What's more, a plaintiff "deprived of property through a random and unauthorized act" of a government employee does not state a due process claim "merely by alleging the deprivation of property." *Darling v. Lake Cty. Bd. of Comm'rs,* No. 1:12CV194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Capital, L.P. v. Bd. of Cty. Com'rs, Clermont Cty., Ohio*, 491 F.3d

5

301, 306 (6th Cir. 2007)). Rather, a plaintiff must also plead "that state remedies for redressing the wrong are inadequate." *Perdue v. Ohio Dep't of Corr.*, No. 1:13CV878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014) (Barrett, J.) (citation omitted). Here, Mr. Jenkins does not provide "any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong." *Thompson v. Esham*, No. 1:15-cv-553, 2016 WL 692542, at *1 (S.D. Ohio Feb. 22, 2016) (Barrett, J.). He has failed to state a claim upon which relief may be granted.

Mr. Jenkins next alleges that the SSA "refused [his] written request for [a] food stamps application" and "refused to issue [him] money for disability on a Direct Express Card[.]" (*Id.*, PAGEID # 11, 28.) These contentions do not amount to a legal claim. Additionally, this Court may review only a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A decision is not "final" until "a claimant presents [his] claims to the Commissioner and exhausts the administrative process established by the applicable regulations." *Merchant v. Comm'r of Soc. Sec.*, No. 2:18-cv-307, 2019 WL 4222670, at *2 (S.D. Ohio Sept. 5, 2019) (Morrison, J.) (citing *Willis v. Sullivan*, 931 F.2d 390, 396–97 (6th Cir. 1991)). That administrative process includes four steps: "(1) an initial determination; (2) reconsideration; (3) an [administrative law judge (ALJ)] hearing and decision; and (4) Appeals Council review or denial[.]" *Id.* (citing 20 C.F.R. §§ 404.900(a)(1)–(4)). Consequently, to the extent Mr. Jenkins attempts to challenge a denial by the SSA of disability benefits or food stamps, it is unclear from his filing that this Court has jurisdiction to address his challenge at this point. *See Willis*,

6

931 F.2d at 396–99 (denying mandamus relief because plaintiff failed to complete administrative process).

Rounding out his allegations, Mr. Jenkins accuses USPS of refusing to mail his letters and the DOJ of not providing him with "an attractive white girl attorney." (ECF No. 1-1, PAGEID # 9, 18.) Neither of these are legal claims. Mr. Jenkins also fails state a cognizable claim against the Secret Service. (*Id.*, PAGEID # 15 (alleging that "the Secret Service boys and girls [ ] said they would never let me have sex with our attractive female family"). The same is true of his remaining allegations against Twin Valley Behavior Healthcare and Columbus Behavioral Health (*id.*, PAGEID # 12–13 (alleging the two entities "tried to force" him to "pretend to talk" and fed him the "wrong" food so he was "sick with pain and constipation")) because they, like CPD, cannot be sued in federal court under § 1983. *Williams-Starr v. Twin Valley Behav. Healthcare Hosp.*, No. 2:20-CV-4105, 2020 WL 4673403, at *2 (S.D. Ohio Aug. 12, 2020) (Jolson, M.J.), *report and recommendation adopted*, 2020 WL 5230797 (S.D. Ohio Sept. 2, 2020) (Sargus, J.) (holding that Twin Valley Behavioral Health, administered by Ohio Department of Mental Health, cannot be sued under § 1983 because it is not a "person" and because State of Ohio immune from suit under Eleventh Amendment).

In sum, none of Mr. Jenkins's claims survive an initial screen under 28 U.S.C. § 1915(e)(2). His Complaint is therefore **DISMISSED**.

7

### III.   OTHER PENDING MOTIONS

Because this case must be dismissed, Mr. Jenkins's Motion for Summary Judgment (ECF No. 2) and his Motion for Funds, to Add Information, and for Injunction (ECF No. 4) are **DENIED as moot**.

Turning to Mr. Jenkins's Motion for Recusal (ECF No. 3), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Motions to recuse under § 455 are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08-CV-00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (Ovington, M.J.) (citations omitted). The standard by which a judge should consider a motion to recuse "is an objective standard" that asks "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. Oct. 10, 2019) (quoting *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980)). "This standard is not based on the subjective view of a party, no matter how strongly that subjective view is held." *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied*, 499 U.S. 981 (1991) (internal quotations and citation omitted).

In his Motion, Mr. Jenkins demands that the Undersigned recuse herself because "Morrison or Morrison-related family delivered the bad food at T.V.B.H. or C.O.B.H." and because "a Sarah tried to hustle [him] for $20.00." (ECF No. 3, PAGEID # 77, 81.) He also requests the Magistrate Judge's recusal because "he was

8

locked down … with a Kimberly supposedly a female that would not let [him] take her picture" and objected when he "tried to kiss [her] on the cheek." (*Id.*, PAGEID # 78–79.) Mr. Jenkins's Motion presents no facts that would cause a reasonable person knowing all relevant information to question the impartiality of the Magistrate Judge or the Undersigned. The Motion is **DENIED**.

### IV. CONCLUSION

The Court **GRANTS** Mr. Jenkins's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) but **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. The Court **DENIES as moot** Mr. Jenkins's Motion for Summary Judgment (ECF No. 2) and his Motion for Funds, to Add Information, and for Injunction (ECF No. 4). The Court **DENIES** his Motion to Recuse (ECF No 3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this action would not be taken in good faith. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**